IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Jose Enrique Rubio-Gonzalez,
    Plaintiff,

v.

Bridgestone-Firestone, Inc., et al.,
    Defendants.

Civil No. 01-2348 (GAG)

**OPINION AND ORDER**

There are two matters before the court: 1) defendant Ford Motor Company's ("Ford") motion to exclude the opinion testimony of plaintiff's designated expert witness, Dr. Richard Galdos (Docket No. 19), and 2) Ford's motion for summary judgment (Docket No. 20). After reviewing the pleadings and pertinent law, the court **GRANTS** both motions.

**I.     Relevant Procedural and Factual Background**

This action was brought by plaintiff, Jose Rubio-Gonzalez ("Rubio"), against Bridgestone-Firestone, Inc. and Ford. This product liability action arises out of a single-car rollover crash involving Rubio while driving his 1993 Ford Explorer. According to Rubio, one of the tires on the Explorer failed and caused him to crash into a metal barrier and rollover. On June 30, 2004, the Multidistrict Litigation ("MDL") Court entered summary judgment in favor of Bridgestone-Firestone finding that the record was completely devoid of any evidence that the tire was defective or that the accident was caused by a tire defect. See Docket No. 20, Exh. 1. Ford, as the remaining defendant, now moves the court to deem Rubio's expert witness unreliable and to grant summary judgment in its favor.

**II.    Motion to Exclude Expert Witness**

Federal courts are vested with the responsibility of ensuring that proffered expert testimony is "not only relevant, but reliable." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). This obligation requires the district court to make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically sound and whether that reasoning or methodology can be applied to the facts in issue. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S.

**Civil No. 01-2348 (GAG)**                                      2

579, 592-93 (1993).

Specifically, an expert witness may testify in the form of an opinion or otherwise, if: 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, **and** 3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702 (2006) (emphasis added). Nonetheless, the party propounding the expert bears the burden of proving that his conclusions have been arrived at in a scientifically sound and methodologically reliable fashion. Ortiz-Semprit v. Coleman Co., Inc., 301 F.Supp.2d 116, 120 (D.P.R. 2004) (citing Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir. 1998)). In this case, Dr. Galdos's testimony fails to meet the standard of admissibility.

Dr. Galdos utilized four references in preparing his report – three papers published by the Society of Automotive Engineers regarding tread separation failures, and a Rule 26(a)(2) report submitted by one of Ford's experts in a previous case. See Docket No. 19, Exhs. 1 – 5. In his report, Dr. Galdos concluded that the tread of the rear tire separated from the carcass of the vehicle while plaintiff was driving. Id. at Exh. 1. He reports that the defect – the tread separation – affected Rubio's controllability and stability and caused Rubio to lose control of the vehicle. Dr. Galdos also reports on the Explorer's tire pressure noting that Ford's recommended pressure of 26 psi[1] compared to Firestone's maximum pressure of 35 psi diminished the tire's safety factor. Id.

Notably missing from Dr. Galdos's report, however, is the lack of support of any objective data or testing. Dr. Galdos's conclusions contradict published studies and government assessments. Specifically, the National Highway Traffic Safety Administration ("NHTSA") conducted a detailed engineering analysis on controllability and stability. The NHTSA concluded that the Exlporer responded to rear tire tread separation in the same way that other sport utility vehicles do. See Docket No. 19, Exh. 10, p. 17. Also, Dr. Galdos performed no testing, collected no data, and analyzed no field experience statistics before forming his opinion regarding Explorer vehicles. For these reasons, Dr. Galdos's conclusions come up short of the Rule 702 reliability analysis. Hence,

---

[1] Psi: "pounds per square inch," which is used to measure a vehicle's correct tire pressure.

**Civil No. 01-2348 (GAG)**                              3

Dr. Galdos's testimony is excluded.

## III. Summary Judgment Motion

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to defeat summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e). The court must view the record and all reasonable inferences in the light most favorable to the party opposing summary judgment. Id. If some genuine factual issues remain, whose resolution could affect the outcome of the case, the court must deny the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 284 (1986).

Rubio has made claims against Ford for negligence and strict liability. First, to establish a claim of negligence against a manufacturer, a plaintiff must establish that: 1) defendant owed a duty to prevent the harm by conforming to a reasonable standard of conduct, 2) defendant breached that duty through negligent act or omission, and 3) the negligent act or omission caused the plaintiff's harm. Fremaint v. Ford Motor Co., 258 F.Supp.2d 24, 27 (D.P.R. 2003). Under a strict liability claim, Puerto Rico law requires plaintiff to prove that: 1) the product had a defect that made the it unsafe, and 2) the defect proximately caused the plaintiff's injuries. Caraballo-Rodriguez v. Clark Equipment Co., 147 F.Supp.2d 66, 71 (D.P.R. 2001); Rivera-Pomales v. Bridgestone-Firestone, Inc., 217 F.R.D. 290, 295 (D.P.R. 2003). Notwithstanding, whether the claim is for negligence or strict liability, in order to set out a *prima facie* case, expert testimony is necessary. See Fremaint, 258 F.Supp.2d at 27; Collazo-Santiago v. Toyota Motor Corp., 937 F.Supp. 134, 137 (D.P.R. 1996). Most recently, in a products liability case where plaintiff's only liability expert was disqualified, the court granted directed verdict. See Rivera-Pomales, 217 F.R.D. at 295-96.

Plaintiff's petition to retain new experts submitted before the MDL court deserves additional comment. See Docket No. 19, Exh. 3. In his petition, plaintiff informed the court that Dr. Galdos had admitted that he was not a tire expert, after representing to plaintiff and counsel that he was. In his request for leave to retain new witnesses, plaintiff states that "this is a products liability case

**Civil No. 01-2348 (GAG)** 4

which under Puerto Rico law requires expert testimony for plaintiff to prove [his] case..." Plaintiff also noted in his conclusion that he could "no longer continue with [Dr.] Galdos as an expert." The petition was denied.

In light of these facts, and given that Dr. Galdos's testimony has been excluded, the court sees no possibility of Rubio proving, nor creating an issue of fact, that the alleged defect was the cause of his accident. For this reason, the court grants defendant's motion for summary judgment.

**IV. Conclusion**

Therefore, the court **GRANTS** Ford's motion to exclude plaintiff's expert witness (Docket No. 19), and **GRANTS** Ford's motion for summary judgment (Docket No. 20). Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of September 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge